UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER JANKOWIAK,

    Plaintiff,                                Case No. 20-11601

v.                                          Hon. Denise Page Hood

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge Anthony P. Patti's Report and Recommendation. **[ECF No. 15]** Timely objections and a response to the objections were filed. **[ECF Nos. 16 and 17]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397.

The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. In his objection, Plaintiff argues that the Magistrate Judge's finding that the ALJ appropriately crafted an RFC based upon the ALJ's own lay interpretation of the evidence should be rejected. In support of that argument, Plaintiff states that:

> [T]here is significant case law, including *Deskin,* confirming the general principle that the ALJ must generally obtain a medical expert opinion" when formulating the RFC unless, the medical evidence shows relatively little physical impairment such that the ALJ can permissibly render a commonsense judgment about the functional capacity. ECF No. 15, PageID.684 (Citing, *Deskin v. Comm'r of Soc. Sec*., 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008); *Guido v. Comm'r of Soc. Sec.,* No. 13-cv-13520, 2014 WL 4771929, at *12 (E.D. Mich. Sept. 24, 2014) (Murphy, J., *adopting report and recommendation of* Grand, M.J.) (citing *Deskin*, 605 F.Supp.2d at 912); *Gross v. Comm'r of Soc. Sec*., 247 F.Supp.3d 824, 828 (E.D. Mich. 2017); *Lindsey v. Comm'r of Soc. Sec*., No. 12-12585, 2013 WL 6095545, at *8 (E.D. Mich. Nov. 20, 2013) (Rosen, C.J., adopting report and recommendation of Binder, M.J.).

ECF No. 16, PageID.694-95. Plaintiff takes issue with the Magistrate Judge's acceptance or approval of the ALJ addressing and interpreting medical records without the assistance of medical professions, then concluding that somehow there was "a connection between this technical evidence regarding Plaintiff's cervical

impairment and his conclusion that Plaintiff would be off task only 10 percent of the workday, or limited to only frequent handling and fingering." *Id.* at PageID.696. Plaintiff concludes that the Magistrate Judge's summary of the evidence cannot provide a logical bridge between that medical data and the ALJ's ultimate RFC determination, *id*. at PageID.696-97, particularly where the ALJ substitutes his own lay 'medical' opinion for that of a treating or examining doctor.

The Court is not persuaded by Plaintiff's arguments, which are very similar to those set forth in his motion for summary judgment. As the Magistrate Judge recognized, the Sixth Circuit has repeatedly rejected the *Deskin* premise that medical opinions must be the building blocks of RFC assessments. *See* ECF No. 15, PageID.683-84 (citing *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018); *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442-43 (6th Cir. 2017); *Rudd v. Comm' r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013)).

The Court finds that the ALJ created a "logical bridge" between the medical evidence and his RFC findings, as required, even though she did not need to build that bridge with a medical opinion, which is not necessary. *See, e.g., Sparrow v. Comm'r of Soc. Sec.*, No. 15-cv-11397, 2016 WL 1658305, at *7 (E.D. Mich. Mar. 30, 2016), adopted by 2016 WL 1640416 (E.D. Mich. Apr. 26, 2016) (the ALJ was not required "to seek out a physician's medical opinion where one is not offered."); *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015). The Court

agrees with the well-reasoned analysis of the Magistrate Judge with the respect to the medical and non-medical evidence supporting the RFC assessment, ECF No. 15, PageID.685-91, which, despite Plaintiff's opinion, hardly constitutes a "rubber stamp of the ALJ's decision." *See* ECF No. 16, PageID.697.

As always, the "fundamental question [for this Court] . . . is whether the ALJ's decision is supported by substantial evidence[.]" *Dykes ex re. Brymer v. Barnhart*, 112 F. App'x 463, 467-68 (6th Cir. 2004). For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the analysis Plaintiff challenges in his objections, was supported by substantial evidence and was not based on any legally erroneous determination. The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Anthony P. Patti **[ECF No. 15, filed August 10, 2021]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objection **[ECF No. 16, filed August 24, 2021]** is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[ECF No. 12, filed November 5, 2020]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[ECF No. 13, filed December 3, 2020]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

DATED: September 30, 2021

s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge